Paul B. LaScala (SBN: 186939)
plascala@shb.com
Victoria P. McLaughlin (SBN: 321861)
vmclaughlin@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone: 949-475-1500
Facsimile: 949-475-0016

Attorneys for Defendant
CSC ServiceWorks, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| BEACH FRONT PROPERTIES, LLC, a California Limited Liability Company, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CSC SERVICEWORKS, INC., dba COINMACH, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-5367<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446**<br><br>[Removed from Los Angeles County Superior Court, No. 19STCV02068]<br><br>Complaint Filed: January 25, 2019<br><br>[Filed concurrently with Civil Case Cover Sheet; Notice of Interested Parties; and Notice of Pendency of Other Actions or Proceedings] |

4822-2402-0378 V1

NOTICE OF REMOVAL

# NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant CSC ServiceWorks, Inc. ("CSC") timely removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.  CSC states the following grounds in support of removal to the United States District Court:

## INTRODUCTION

1. On January 25, 2019, Plaintiff Beach Front Properties, LLC, ("Plaintiff") filed a civil action against CSC in the Superior Court of California, County of Los Angeles, Case No. 19STCV02068, captioned *Beach Front Properties, LLC, a California Limited Liability Company, on behalf of itself and all others similarly situated v. CSC ServiceWorks, Inc. dba Coinmach, a Delaware Corporation, and Does 1-100, inclusive.* ("Compl.").

2. Plaintiff brings the Complaint as a class action pursuant to California Code of Civil Procedure section 382.

3. Plaintiff alleges the following claims on behalf of itself and all others similarly situated: (1) declaratory relief; (2) violation of California Business and Professions Code §§ 17200 *et seq.*; (3) conversion; (4) violation of California Penal Code § 496(a).

## REMOVAL PROCEDURES

4. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within 30 days after service.  CSC was served with the summons and complaint on May 21, 2019.  Thus, removal is timely.

5. Pursuant to 28 U.S.C. section 1446(a), true and correct copies of the Summons and Complaint served on CSC are attached as **Exhibit A** filed concurrently herewith. Exhibit A includes all the pleadings, process, and orders served upon CSC in the Superior Court action.

6. Venue lies in the Central District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c). This action was originally brought in the Superior Court of the State of California, County of Los Angeles, which is located within the jurisdiction of the United States District Court for the Central District of California, Western Division. Therefore, this is the appropriate Court for removal.

7. Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal will be filed with the clerk of the Superior Court for the County of Los Angeles, and CSC is concurrently serving this Notice of Removal on Plaintiff through its counsel of record.

## SUBJECT MATTER JURISDICTION

8. This Court has original jurisdiction over this matter subject to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). This case is removable pursuant to CAFA jurisdiction on the basis of a putative class of more than 100 members, minimal diversity among the parties, and an aggregate amount in controversy of more than $5,000,000.

## CLASS SIZE

9. CAFA'S requirement that the proposed class contain at least 100 members is satisfied. 28 U.S.C. 1332 (d)(5).

10. Plaintiff's Complaint defines its proposed class as: "All persons who entered into a lease agreement with Defendants and were charged the Administrative Fee for four years prior to filing the operative complaint and certification of the class." (Compl. ¶ 14).

11. As Plaintiff's proposed class is not limited in geographic scope, and CSC entered into lease agreements with more than 100 persons or entities since January 25, 2015, there are more than 100 potential members of this proposed class.

## MINIMAL DIVERSITY EXISTS

12. CAFA's requirement that any one member of the proposed class be a citizen of a state different from any defendant is satisfied. 28 U.S.C. § 1332(d)(2)(A).

13. For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). Here, CSC is incorporated under the laws of the State of Delaware, with its principal place of business located at 303 Sunnyside Blvd., Suite 70, Plainview, NY 11803. CSC, therefore, is a citizen of both Delaware and New York.

14. Upon information and belief, there are non-named absent members of the proposed class that are not citizens of Delaware or New York. Therefore, the minimal diversity requirement is satisfied.

## AMOUNT IN CONTROVERSY

15. The aggregate amount in controversy in this case exceeds $5,000,000. The amount in controversy requirement is satisfied as well. 28 U.S.C. 1332(d)(2).

16. A defendant may utilize the allegations in the complaint to establish the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)); *Conrad Assocs. v. Harvard Accident & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Alternatively, a defendant may also set forth facts in its notice of removal that demonstrate that the amount in controversy is satisfied, and a defendant need only establish by a preponderance of evidence that a plaintiff's claims exceed the statutory minimum. *Id.* at 376-377. A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). In calculating the amount in controversy, the Court may consider a plaintiff's

1  potential compensatory damages, potential punitive damages, and potential award of
2  attorney's fees, if such fees are authorized. *Ansley v. Metro. Life Co.*, 215 F.R.D. 575,
3  577 (D. Ariz. 2003)

      17.    Although CSC denies Plaintiff's claims of wrongdoing and contends that neither Plaintiff nor the proposed class members have a viable claim or have suffered any actual damages in this case, for the purposes of removal, it is facially apparent from the Complaint that the amount in controversy as to the proposed class exceeds $5,000,000 in the aggregate.

      18.    Plaintiff alleges that CSC "converted funds due and payable to Plaintiff and other class members by wrongfully and unlawfully charging and withholding an unbargained for Administrative Fee of 9.75%" beginning in May 2017.  (Compl. ¶¶ 31-32).

      19.    Plaintiff seeks, individually and on behalf of all members of the proposed class, actual, consequential, and incidental damages according to proof, attorney's fees according to contract and pursuant to California Penal Code section 496(a), and the costs of suit herein, among other relief.  (Compl. at 7-8 [Prayer for Relief].)

      20.    Under California Penal Code section 496(c), a plaintiff who prevails on an action pursuant to Penal Code section 496(a) is entitled to treble damages, costs of suit, and reasonable attorney's fees. Attorney's fees may be included in the amount in controversy if recoverable by statute or contract. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

      21.    Considering the claims at issue, the relief sought, and the number of alleged class members, the aggregate amount in controversy as to the proposed class, exceeds the $5,000,000 million requirement, exclusive of interest and costs.

## **CONCLUSION**

22. As demonstrated above, this Court has original subject matter jurisdiction over this action for purposes of removal pursuant to 28 U.S.C. §§ 1332(d).

WHEREFORE, CSC, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Superior Court of the State of California, County of Los Angeles to this Court. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being simultaneously filed with the clerk of the Superior Court for the County of Los Angeles, and written notice is being provided to Plaintiff.

Dated: June 19, 2019

Respectfully submitted,

SHOOK HARDY & BACON L.L.P.

By: */s/ Paul B. LaScala*
Paul B. LaScala
Victoria P. McLaughlin
Attorneys for Defendant CSC ServiceWorks, Inc.

4822-2402-0378 V1